UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TINA MCROY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:18 CV 1120 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

Tina McRoy seeks to vacate, set aside or correct her sentence under 28 U.S.C. § 2255. Pursuant to a written plea agreement, McRoy pled guilty to conspiracy to distribute actual methamphetamine. On December 5, 2017, I sentenced her to a total term of 90 months imprisonment, plus three years of supervised release. Criminal Case No. 4:16CR426 CDP. McRoy did not appeal. She then filed a § 2255 motion and an amended § 2255 motion, alleging the following grounds for relief:[1]

---

[1] Although McRoy makes a passing reference to her attorney's alleged ineffectiveness when explaining her failure to appeal, she does not state a claim of ineffective assistance of counsel for failing to file an appeal as a ground for relief. McRoy does not claim that she ever instructed her attorney to file an appeal or that her attorney failed to discuss her appeal rights with her, an allegation that would be conclusively refuted by the record in this case which includes her signed admission that she was "fully informed of [her] right to appeal the final judgment in this case" and that she did not wish to file a notice of appeal and instructed her attorney not to file an appeal. [Doc. # 1747 in Case No. 4:16CR426 CDP]. McRoy's allegation could not support an ineffective assistance of counsel claim as a matter of law and would be conclusively denied, even if it had been properly raised as a ground for relief, which it was not.

1) Ineffective assistance of counsel because her attorney failed to argue sentencing disparity under *Booker* and 18 U.S.C. 3553(a);

2) Ineffective assistance of counsel because her attorney failed to argue for a "minor role" adjustment under Amendment 794;

3) Ineffective assistance of counsel because her attorney told her she would receive a sentence of five years if she signed the plea agreement;

4) Her Fourth Amendment rights were violated because the government failed to obtain a warrant from her cellular carrier; and

5) She should have been charged and/or sentenced for a mixture of methamphetamine rather than actual methamphetamine.

I will deny McRoy's motion without an evidentiary hearing for the reasons that follow.

## Discussion

### A. No Evidentiary Hearing is Required

The records before me conclusively demonstrate that McRoy has no right to relief. I will not hold an evidentiary hearing on this matter. "A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). "No hearing is required, however, where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Id.* (internal quotation marks and citations omitted). The

record here conclusively refutes the claims, so I will not hold an evidentiary hearing.

## B. Grounds Four and Five are Procedurally Barred and Meritless

"A collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). "[N]ormally a collateral attack should not be entertained if defendant failed, for no good reason, to use another available avenue of relief." *Poor Thunder v. United States*, 810 F.2d 817, 823 (8th Cir. 1987) (internal citation omitted). If a claim could have been raised on direct appeal but was not, it cannot be raised in a § 2255 motion unless the petitioner can show both (1) a "cause" that excuses the default, and (2) "actual prejudice" resulting from the errors of which he complains. *See Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993); *Mathews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997).[2]

In Ground 5, McRoy argues that she should have been charged with and/or sentenced under the guidelines applicable to a "mixture or substance containing methamphetamine" instead of the guidelines applicable to "actual methamphetamine." This claim is summarily denied as McRoy pled guilty to conspiring to distribute "2189 grams of methamphetamine, with a purity of

---

[2] A movant can also avoid procedural default by demonstrating actual innocence. *Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, a § 2255 movant must show either cause and actual prejudice, or that he is actually innocent.") (internal quotation marks and citations omitted). Actual innocence is a strict standard that generally cannot be met "where the evidence is sufficient to support a conviction on the charged offense." *Id.* (internal quotation marks and citation omitted).

approximately 98 %, for a total of 2145 grams of **actual methamphetamine**. The parties agree that, based upon her own conduct, defendant McRoy is responsible for 2145 grams of actual methamphetamine." (emphasis supplied) [Doc. # 1348 at 4-5 in Case No. 4:16CR426 CDP]. When I asked McRoy at her guilty plea hearing whether she understood that she was agreeing to be held accountable for that quantity of actual methamphetamine, she replied, "Yes, ma'am." [Doc. # 2257 at 12 in Case No. 4:16CR426 CDP]. McRoy's statements were made to me under oath and cannot be contradicted now. To the extent McRoy is attempting to argue that I should use the mixture guidelines in cases involving actual methamphetamine, I do not find the argument persuasive, especially in this case where I varied downward from the low-end of the advisory guidelines range.

McRoy's claim in Ground 4 that her fourth amendment rights were violated is also summarily denied. McRoy complains that the government did not obtain a proper warrant for cell phone records, relying upon the recent United States Supreme Court case *Carpenter v. United States*, 138 S. Ct. 2206 (2018). In *Carpenter*, the Supreme Court held that the acquisition of cell phone records under the Stored Communications Act, 18 U.S.C. § 2703(d), is a search under the Fourth Amendment requiring the government to demonstrate probable cause to obtain the records. 138 S. Ct. at 2221-22. McRoy's reliance on *Carpenter* is misplaced because the government acquired a Precision Location Warrant for a telephone

4

used by co-defendant Amanda Young[3] and did not obtain any cell phone records under the Stored Communications Act in this case. *Carpenter* does not apply. Even if it did, McRoy knowingly and voluntarily waived her right to raise this issue in her plea agreement. [Doc. # 1348 at 7 in Case No. 4:16CR426 CDP]. Grounds 4 and 5 are therefore denied as meritless and procedurally barred because they could have been raised on direct appeal but were not. As McRoy provides no attempt to allege sufficient cause and prejudice necessary to overcome the procedural default of any of these claims, they will be denied.[4]

### C. McRoy Did Not Receive Ineffective Assistance of Counsel

McRoy brings three claims of ineffective assistance of trial counsel. The Sixth Amendment establishes the right of the criminally accused to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To state a claim for ineffective assistance of counsel, McRoy must prove two elements of the claim. First, she "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id.* at 687. In considering whether this showing has been accomplished, "judicial

---

[3] The government also points out another reason why this claim, even if it had been properly raised, would likely fail – namely, that McRoy lacks standing to assert a fourth amendment challenge to the government's seizure of someone else's cell phone records.

[4] Even if McRoy's barebones allegation of ineffectiveness were construed as an allegation of ineffective assistance of appellate counsel in an attempt to avoid the procedural bar, these claims still fail because they are meritless.

5

scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.* Second, McRoy "must show that the deficient performance prejudiced the defense." *Id.* at 687. This requires her to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The court need not address both components if petitioner makes an insufficient showing on one of the prongs. *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995). Under these standards, McRoy did not receive ineffective assistance from her attorney.

In her first ground for relief, McRoy alleges that her attorney was constitutionally ineffective for failing to "object or argue sentencing disparity under *Booker* and 18 U.S.C. 3553(a)." In support of this claim, McRoy argues that her attorney should have raised a sentencing disparity between her and her co-defendants Julie Koppen and Teri Fiedler. This argument is summarily rejected as Koppen was sentenced five months <u>after</u> McRoy and therefore counsel could not have raised any argument about sentencing disparity at the time of McRoy's sentencing. Counsel cannot be ineffective for failing to make a meritless argument as a matter of law. *See Rodriquez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994). Moreover, Fiedler received a <u>higher</u> sentence (132 months) than McRoy, so

6

McRoy cannot demonstrate that she was in any way prejudiced by counsel's alleged error. Counsel ably advocated for petitioner at sentencing, filing a sentencing memorandum requesting a downward variance based on, among other things, McRoy's minimal participation in the conspiracy. Although the Court ultimately did not impose the 60-month sentence requested by counsel, the Court did vary downward and sentence McRoy to a below-guidelines sentence of 90 months. Under these circumstances, McRoy cannot maintain an ineffective assistance claim as a matter of law. Ground 1 of McRoy's § 2255 motion is denied.

In Ground 2, McRoy argues that counsel was ineffective for failing to argue for a "mitigating role" adjustment under Section 3B1.2. McRoy's signed plea agreement does not recommend a "mitigating role" adjustment or allow for any "other adjustments" not specified. Such an adjustment could only have been part of McRoy's negotiated plea agreement if the government agreed to such an adjustment. Here, the government did not – and would not – agree to such an adjustment given McRoy's extensive participation in the incident giving rise to her guilty plea. [Doc. # 3]. Under these circumstances, McRoy cannot demonstrate either deficient performance or resulting prejudice necessary to maintain her ineffective assistance of counsel claim. Ground 2 of McRoy's § 2255 motion is denied.

In Ground 3, McRoy contends that her attorney was ineffective by promising her that she would only receive a sentence of five years imprisonment if she pled guilty. McRoy does not allege a single fact in support of this conclusory *post hoc* assertion, which is conclusively refuted by the record in this case. Here, I discussed the terms of McRoy's plea agreement during her plea colloquy, including the maximum penalty for the crime, the sentencing process, and that she was not promised any particular guidelines or sentence in this case. [Doc. # 2257 in Case No. 4:16CR426 CDP]. McRoy stated under oath that she understood all aspects of her plea agreement, and her sworn statements to me cannot be contradicted now. McRoy did not object to the advisory guidelines range calculated in the Presentence Investigation Report, nor did she tell me at sentencing that she was promised a sentence of five years by her lawyer or move to withdraw her guilty plea based upon such an alleged assurance. McRoy also wrote me a letter prior to sentencing, and in that letter – written after the PSI report – she did not mention any alleged promise of a particular sentence, either. [Doc. # 1722 in Case No. 4:16CR426 CDP]. Under these circumstances, McRoy cannot maintain her ineffective assistance of counsel claim as a matter of law. *See Thompson v. United States*, 872 F.3d 560, 567 (8th Cir. 2017). Ground 3 of McRoy's § 2255 motion is denied.

### D. I Will Not Issue a Certificate of Appealability

As McRoy has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that Tina McRoy's motion [1] and amended motion [2] to vacate, set aside or correct her sentence under 28 U.S.C. § 2255 are denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as McRoy has not made a substantial showing of the denial of a federal constitutional right.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 19th day of February, 2019.